# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 10-11227 <br> ) |
| ANALOG DEVICES INC., | ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff British Telecommunications plc ("BT") brings this Complaint against Defendant Analog Devices, Inc. ("ADI"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. § 271 *et. seq.*, by BT against ADI for infringement of United States Patent No. 5,153,591 ("the '591 patent"). Through the actions complained of herein, ADI has willfully and knowingly infringed the '591 patent in defiance of BT's rights.

### PARTIES

2. Plaintiff BT is a corporation organized under the laws of England and Wales, and has its principal place of business at 81 Newgate Street, London EC1A 7AJ, United Kingdom.

3. On information and belief, Defendant ADI is a corporation incorporated under the laws of Massachusetts, maintains a head office at One Technology Way, P.O. Box 9106, Norwood, Massachusetts, and operates, conducts, and transacts business in the Commonwealth

1

of Massachusetts.  On information and belief, ADI has been importing, marketing, offering to sell, and selling products that infringe and/or cause infringement of the '591 patent.  These acts of infringement have been occurring in Massachusetts and elsewhere within the United States.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. ADI is subject to personal jurisdiction in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## CLAIM FOR RELIEF
## ADI'S INFRINGEMENT OF U.S. PATENT NO. 5,153,591

8. On October 6, 1992, the '591 patent, entitled "Method and Apparatus for Encoding, Decoding and Transmitting Data in Compressed Form," was duly and legally issued by the United States Patent & Trademark Office.  The '591 patent remained valid and enforceable in relation to acts of infringement that occurred prior to its expiration.  A true and correct copy of the '591 patent is attached hereto as Exhibit A.

9. At all times relevant to this action, BT has been the lawful owner of the '591 patent.

10. On information and belief, ADI has been infringing the '591 patent under 35 U.S.C. § 271 *et. seq.* by, without limitation, making, using, offering to sell, selling, and/or importing products that practice inventions claimed by the '591 patent, inducing others to infringe, and/or committing acts of contributory infringement.  Such products include, without limitation, the GSM/GPRS devices such as the AD65 series, analog modem products such as the

ADSP21 range and accompanying software, and those other products and components of ADI, including chips, chipsets, firmware, and/or software, that enable compression and decompression of data to be transmitted over wireless and/or wireline networks employing and/or using methods claimed by the '591 patent, including, but not limited to, data compression and decompression methods in accordance with the ITU-T V.42bis Recommendation.

11. ADI has been placed on notice of the '591 patent and ADI's infringement of that patent by BT.

12. On information and belief, notwithstanding the fact that BT had placed ADI on actual notice of its infringement of the '591 patent, ADI nonetheless continued to conduct its infringing activities itself and/or through joint venture activities for which it is responsible willfully and wantonly throughout the remaining life of the '591 patent.

13. BT has incurred damages as a result of ADI's willful infringement of the '591 patent.

## REQUEST FOR RELIEF

WHEREFORE, BT respectfully requests that this Court:

(a) enter judgment that ADI has infringed one or more claims of the '591 patent directly and/or by inducing or contributing to infringement by others;

(b) award BT all relief available under the patent laws of the United States based on ADI's infringement, including, but not limited to, monetary damages and prejudgment interest;

(c) enter judgment that ADI's acts of infringement have been willful and award BT enhanced damages under 35 U.S.C. § 284;

(d) determine that this case is exceptional under 35 U.S.C. § 285 and award BT its attorneys' fees and costs of suit; and

(e)     provide BT such additional and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

BT demands a trial by jury on all issues so triable.

DATED: July 21, 2010                    Respectfully Submitted,

BRITISH TELECOMMUNICATIONS PLC

By its attorneys

/s/ Joshua M. Dalton
Joshua M. Dalton (BBO # 636402)
Lawrence T. Stanley, Jr. (BBO # 657381)
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA  02110-1726
TEL. 617 951 8000
FAX 617 951 8736

**Of Counsel**
(*Pro Hac Vice* Applications to be filed):
Daniel A. Boehnen
Jeffrey P. Armstrong
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Chicago, IL 60606-6709
TEL. 312 913 0001
FAX 312 913 0002

*Attorneys for Plaintiff*
*British Telecommunications plc*